1
2
3
4
5

ROGERS JOSEPH O'DONNELL
Merri A. Baldwin (State Bar No. 141957)
mbaldwin@rjo.com
S. Amber Lee (State Bar No. 197329)
slee@rjo.com
311 California Street
San Francisco, California 94104
Telephone:  415.956.2828
Facsimile:  415.956.6457

6
7
8

**Attorneys for Defendants**
Eversheds Sutherland (US) LLP, Ian S.
Shelton, Sarah E. Paul, Ashby Law Firm
P.C., Joseph R. Ashby, and Sergenian
Ashby, LLP

9

10

UNITED STATES DISTRICT COURT

11

NORTHERN DISTRICT OF CALIFORNIA

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

| | |
|---|---|
| DAVID BERNAHL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>EVERSHEDS SUTHERLAND LIMITED; EVERSHEDS SUTHERLAND (INTERNATIONAL) LLP, a limited liability partnership, registered in England and Wales; EVERSHEDS SUTHERLAND (EUROPE) LIMITED; EVERSHEDS SUTHERLAND BITÅNS dba Eversheds Bitans Law Office; EVERSHEDS SUTHERLAND (US) LLP, a limited liability partnership organized under the laws of Georgia; SERGENIAN ASHBY, LLP, a limited liability partnership organized under the laws of California; ASHBY LAW FIRM P.C., a professional corporation organized under the laws of California; IAN S. SHELTON, an individual; JOSEPH R. ASHBY, an individual; SARAH E. PAUL, an individual; and DOES 1-100,<br><br>Defendants. | Case No. 5:23-cv-00411<br><br>**NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 BY DEFENDANTS EVERSHEDS SUTHERLAND (US) LLP, IAN SHELTON, SARAH PAUL, ASHBY LAW FIRM P.C., SERGENIAN ASHBY LLP AND JOSEPH ASHBY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:  August 31, 2023<br>Time:  9:00 a.m.<br>Dept.: San Jose Courthouse, Ctrm. 1 – 5th Fl.<br>Judge: Honorable Beth Labson Freeman |

27

28

# TABLE OF CONTENTS

**Page(s)**

NOTICE OF MOTION AND MOTION .................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................2

I.     INTRODUCTION .............................................................................................................2

II.    FACTUAL AND PROCEDURAL BACKGROUND .................................................2

    A.    Underlying Proceedings in Latvia ...............................................................2

    B.    Santa's Motions for Relief Alleging Failure to Serve Subpoenas Denied by District Courts ..................................................................................4

    C.    Plaintiff's Current Complaint .......................................................................5

III.   LEGAL STANDARD ......................................................................................................6

IV.   ARGUMENT .....................................................................................................................7

    A.    Sanctions Are Warranted Because Plaintiff's Assertion of Federal Jurisdiction Is Frivolous. ...........................................................7

        1.    Plaintiff's assertion of diversity jurisdiction is factually baseless and made without a reasonable and competent inquiry. ...............................................................................................7

        2.    Plaintiff's assertion of federal question jurisdiction is also frivolous because it runs contrary to established law. ........................9

    B.    Sanctions Are Warranted Because Plaintiff's Claims Are Frivolous On the Merits. ...............................................................................12

        1.    There is no private cause of action for violating Federal Rules of Civil Procedure. .......................................................................12

        2.    Plaintiff's claims are barred by the litigation privilege.........................13

        3.    Plaintiff's claims are barred by the statute of limitations. ...................15

    C.    Sanctions Are Warranted Because the Second Amended Complaint Was Filed for An Improper Purpose................................................18

V.   CONCLUSION ...............................................................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aetna Life Ins. Co. v. Alla Medical Servs., Inc.*,
    855 F.2d 1470 (9th Cir. 1988) .......................................................................................6

*Bautista v. Pan American World Airlines, Inc.*,
    828 F.2d 546 (9th Cir. 1987) .........................................................................................8

*Bell v. Hood*,
    327 U.S. 678 (1946)........................................................................................................9

*Belleville Catering Co. v. Champaign Market Place, L.L.C.*,
    350 F.3d 691 (7th Cir. 2003) .........................................................................................9

*Blaha v. Rightscorp, Inc.*,
    No. CV 14–9032 DSF, 2015 WL 4776888 (C.D. Cal. May 8, 2015) .....................11, 14

*Estate of Blue v. County of Los Angeles*,
    120 F.3d 982 (9th Cir. 1997) .........................................................................................6

*Christian v. Mattel, Inc.*,
    286 F.3d 1118 (9th Cir. 2002) .......................................................................................7

*Cohen v. Lupo*,
    927 F.2 363, 365 (8th Cir. 1991) .................................................................................12

*Connelly v. Bornstein*,
    33 Cal. App. 5th 783 (2019) ....................................................................................16, 17

*Digene Corp. v. Ventana Medical Systems, Inc.*,
    476 F. Supp. 2d 444 (D. Del. 2007)..............................................................................12

*Eastern Industries, Inc. v. Joseph Ciccone & Sons, Inc.*,
    532 F. Supp. 726 (E.D. Pa. 1982) ................................................................................11

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*,
    545 U.S. 546 (2005)........................................................................................................8

*Fisher v. White*,
    715 F.Supp. 37 (E.D.N.Y. 1989) ..................................................................................11

*Flores v. Emerich & Fike*,
    416 F.Supp.2d 885 (E.D. Cal. 2006)............................................................................15

*G.R. v. Intelligator*,
    185 Cal. App. 4th 606 (2010) .......................................................................................15

*Genisman v. Carley*,
   29 Cal. App. 5th 45 (2018) ...........................................................................17

*Golden Eagle Distrib. Corp. v. Burroughs Corp.*,
   801 F.2d 1531 (9th Cir. 1986) ........................................................................7

*Good v. Khosrowshahi*,
   296 Fed. App'x 676 (10th Cir. 2008) ............................................................12

*Hamer v. Neighborhood Housing Servs. of Chicago*,
   __ U.S. __, 138 S. Ct. 13 (2017)...................................................................10

*Handeen v. Lemaire*,
   112 F.3d 1339 (8th Cir. 1997) ......................................................................13

*Hatch v. TIG Insurance Co.*,
   301 F.3d 915 (8th Cir. 2002) ........................................................................12

*Healy v. Tuscany Hills Landscape & Recreation Corp.*,
   137 Cal. App. 4th 1 (2006) ...........................................................................13

*Hendrix v. Naphtal*,
   971 F.2d 398 (9th Cir. 1992) ..........................................................................9

*Holgate v. Baldwin*,
   425 F.3d 671 (9th Cir. 2005) ........................................................................12

*Huettig & Schromm, Inc. v. Landscape Contractors Council of Nor. Cal.*,
   790 F.2d 1421 (9th Cir. 1986) ......................................................................18

*Johnson v. Columbia Properties Anchorage, LP*,
   437 F.3d 894 (9th Cir. 2006) ..........................................................................8

*JSJ Limited Partnership v. Mehrban*,
   205 Cal. App. 4th 1512 (2012) .....................................................................14

*Kenne v. Stennis*,
   230 Cal. App. 4th 953 (2014) .......................................................................14

*In re Kunstler*,
   914 F.2d 505 (4th Cir. 1990) ........................................................................18

*Lee v. Hanley*,
   61 Cal. 4th 1225 (2015) ................................................................................16

*Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*,
   431 F.3d 353 (9th Cir. 2005), *cert denied*, 547 U.S. 1192 (2006)...............12

*Marcus v. Alexandria Real Estate Equities, Inc.*,
   No. 2:21-cv-08088-SB-SK, 2022 WL 2815904 (C.D. Cal. May 3, 2022) .........9

*Mir v. Little Co. of Mary Hosp.*,
844 F.2d 646 (9th Cir. 1988) ...................................................................15

*Morales v. Cooperative of American Physicians, Inc., Mut. Protection Trust*,
180 F.3d 1060 (9th Cir. 1999) .................................................................14

*Navellier v. Sletten*,
106 Cal. App. 4th 763 (2003) ..................................................................15

*Neel v. Magana, Olney, Levy, Cathcart & Gelfand*,
6 Cal. 3d 176 (1971) ...............................................................................16

*Nutraceutical Corp. v. Lambert*,
__ U.S. __, 139 S. Ct. 710 (2019).............................................................10

*Orange Production Credit Ass'n v. Frontline Ventures Ltd.*,
792 F.2d 797 (9th Cir. 1986) .....................................................................9

*Owen Equipment & Erection Co. v. Kroger*,
437 U.S. 365 (1978).................................................................................10

*Paciulan v. George*,
38 F. Supp. 2d 1128 (N.D. Cal. 1999) .......................................................7

*Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP*,
133 Cal. App. 4th 658 (2005) ..................................................................16

*Port Drum Co. v. Umphrey*,
852 F.2 148, 149-50 (5th Cir. 1988) ........................................................11

*Pullman Co. v. Jenkins*,
305 U.S. 534 (1939)...................................................................................8

*Rodriguez v. United States*,
542 F.3d 704 (9th Cir. 2008) .....................................................................6

*Rusheen v. Cohen*,
37 Cal. 4th 1048 (2006) ...........................................................................15

*SeeCarden v. Arkoma Associates*,
494 U.S. 185 (1990)...................................................................................8

*Silberg v. Anderson*,
50 Cal. 3d 205 (1990) ..............................................................................13

*Skelly Oil Co. v. Phillips Petroleum Co.*,
339 U.S. 667 (1950).................................................................................11

*Smith v. Ricks*,
31 F.3d 1478 (9th Cir. 1994) .....................................................................7

*Staacke v. U.S. Secretary of Labor*,
841 F.2d 278 (9th Cir. 1988) ...................................................11

*Townsend v. Holman Consulting Corp.*,
929 F.2d 1358 (9th Cir. 1990) .........................................6, 9, 18

*United States v. Suntip Co.*,
82 F.3d 1468 (9th Cir. 1996) ...................................................10

*Vaden v. Discover Bank*,
556 U.S. 49 (2009) ...................................................................11

*Verlinden B.V. v. Central Bank of Nigeria*,
461 U.S. 480 (1983) ...................................................................9

*Wheeldin v. Wheeler*,
373 U.S. 647 (1963) ...........................................................10, 11

*Wisconsin Dept. of Corrections v. Schacht*,
524 U.S. 381 (1998) ...................................................................8

*Zaldivar v. City of Los Angeles*,
780 F.2d 823 (9th Cir. 1986), *abrogated on other grounds by Cooter &*
*Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) ...........................6

**Statutes**

28 U.S.C. § 1331 ...............................................................9, 10, 11

28 U.S.C. § 1332(a) ......................................................................7

28 U.S.C. section 1782 ...................................................... *passim*

Cal. Code of Civ. Pro. Section 340.6 .........................................16

Civil Code section 47(b) .............................................................13

**Other Authorities**

Fed. R. Civ. P. 5.2 .......................................................................12

Fed. R. Civ. P. 11 .............................................................. *passim*

Fed. R. Civ. P. 45 .............................................................. *passim*

Fed. R. Civ. P 52 ...........................................................................4

Fed. R. Civ. P 59 ...........................................................................4

Fed. R. Civ. P 60(b) .................................................................4, 17

### NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on August 31, 2023, at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Beth Labson Freeman in Courtroom 1 of the United States District Court for the Northern District of California in San Jose, located at 280 South 1st St, San Jose, California, defendants Eversheds Sutherland (US) LLP, Ian Shelton, and Sarah Paul, Ashby Law Firm P.C., Sergenian Ashby LLP and Joseph Ashby ("Defendants") will, and hereby do, move this Court for an order imposing sanctions against Plaintiff David Bernahl, his counsel Nevin P. Miller, and the law firm of Hudson Martin PC, pursuant to Rule 11(c) of the Federal Rules of Civil Procedure, for the filing of Plaintiff's Second Amended Complaint.  Specifically, Defendants seek an order awarding sanctions, dismissing the Second Amended Complaint with prejudice, awarding attorneys' fees and costs incurred by Defendants as a result of violations of Rule 11, and granting such other and further relief as the Court deems just and proper.

Defendants bring this motion on the grounds that Plaintiff and his counsel violated Rule 11 of the Federal Rules of Civil Procedure by willfully presenting to the Court a Second Amended Complaint that: (i) claims federal jurisdiction despite lacking any evidentiary support for diversity jurisdiction and no legal support for federal question jurisdiction; (ii) presents legal claims that are not warranted under existing law in violation of Fed. R. Civ. P. 11(b)(3); and (iii) was filed for an improper purpose in violation of Fed. R. Civ. P. 11(b)(1).

The Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, supporting declarations, Request for Judicial Notice, any oral argument of counsel at the hearing on the Motion, and any other matters of which the Court may take judicial notice. This Motion is filed in compliance with Fed. R. Civ. P. 11(c)(2).

//

//

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 11, defendants Eversheds Sutherland (US) LLP, Ian Shelton and Sarah Paul ("Eversheds Defendants") and defendants Ashby Law Firm P.C., Sergenian Ashby LLP and Joseph Ashby ("Ashby Defendants") (collectively, "Defendants") respectfully seek an order imposing sanctions against plaintiff David Bernahl and his counsel, Nevin Miller and the Hudson Martin law firm, for bringing this action they know to be outside the jurisdiction of this Court and to be legally without merit and for refusing to voluntarily dismiss the frivolous action.

Plaintiff's Second Amended Complaint alleges abuse of process and related claims based on the allegation that Defendants failed to provide him with notice of certain subpoenas Defendants obtained in the United States pursuant to 28 U.S.C. section 1782. As Defendants have made clear to Plaintiff, this Court lacks subject matter jurisdiction: there is no diversity, and no federal question jurisdiction. Further, no reasonable attorney would conclude these claims are well-founded after a reasonable inquiry. The allegations fail to state a claim, since there is no cause of action for failure to comply with the federal rules of procedure; and the claims are barred by California's comprehensive litigation privilege and the statute of limitations. Lastly, the circumstances of this proceeding, including the frivolousness of the claims, demonstrate that the complaint was brought for an improper purpose.

Plaintiff's action is frivolous, and this Court should issue Rule 11 sanctions against him and his attorneys.

### II. FACTUAL AND PROCEDURAL BACKGROUND

#### A. Underlying Proceedings in Latvia

This action has its genesis in legal proceedings in Latvia ("Latvian Proceedings") related to the divorce of Plaintiff's current wife, Santa Bernahl ("Santa"), and Santa's ex-husband Olegs Fils ("Fils"), in which Fils accused Santa of engaging in an extramarital affair with Plaintiff. On September 23, 2020, Fils filed an ex parte application in

the district court for the Central District of California pursuant to 28 U.S.C. section 1782 ("§ 1782 Application") for an order authorizing service of subpoenas *duces tecum* to obtain discovery from third-party merchants for use in the Latvian Proceedings.  (Second Am. Compl. ¶ 46; *see also id.* ¶ 29, Ex. D.)  Fils filed similar § 1782 Applications for subpoenas *duces tecum* in the Northern District of California and Southern District of New York, seeking discovery from third-party merchants in those districts.  (*Id.*, Exs. C, E-1.)  Fils was represented by Defendants in the § 1782 Application proceedings.[1]  (*Id.*, Exs. C, D, E-1.)

On October 6, 2020, the district court in the Central District of California granted Fils' § 1782 Application, permitting Fils to subpoena records from two hotels located in the district.  Req. Jud. Not. ("RJN"), Ex. 1.  On January 11, 2021, the district court in the Northern District of California granted Fils' § 1782 Application to issue seven revised subpoenas to third-party merchants, permitting Fils to subpoena information concerning Santa's infidelity and the amounts that Santa spent on Plaintiff, her then-lover (now husband).  RJN, Ex. 2.  Fils' § 1782 Application for subpoenas duces tecum in the Southern District of New York was also granted.  RJN, Ex. 3 .

These subpoenas were not served on Plaintiff (who was not a party to any proceeding) or Santa, but Santa subsequently attested that she became aware of the subpoenas issued by the court in the Northern District on March 25, 2021, after *Plaintiff* ran a Google search of his name.  RJN, Ex. 4 at p. 3:4-5; Ex. 5 at p. 3:4-5.  Santa further attested that "[a]fter [Plaintiff] became aware of the[se] subpoenas, . . . he contacted the companies subpoenaed and asked for copies of the documents they provided," and that one entity provided the information requested.  RJN, Ex. 4 at p. 3:8-10; Ex. 5 at p. 3:8-10.  Santa noted that the subpoena to this entity "was signed by attorney Joseph Ashby and sent from his office with the knowledge that the subpoenas were being served on third parties prior to service to [Santa]."  RJN, Ex. 4 at p. 3:13-15; Ex. 5 at p. 3:13-15.

---

[1] Eversheds Defendants represented Fils in connection with his § 1782 Applications filed in the Central District of California and the Southern District of New York; Ashby Defendants represented Fils in connection with his § 1782 Application filed in the Northern District of California.  (*See* Second Am. Compl. ¶ 29, Exs. C, D, E 1-3.)

Santa attested that she became aware of the remaining subpoenas around June 3, 2021, when Fils submitted information received from the subpoenas in the Latvian Proceedings.  RJN, Ex. 4 at p. 3:5-7; Ex. 5 at p. 3:5-7.

On February 9, 2022, the Latvian court entered judgment against Santa in the approximate amount of $4.7 million.  RJN, Ex. 9 at p. 2:10-12.

**B.      Santa's Motions for Relief Alleging Failure to Serve Subpoenas Denied by District Courts**

On March 25, 2022, Santa, represented by attorney Nevin Miller at Hudson Martin, PC (counsel for Plaintiff in the instant action), filed motions to reopen the case in both the Northern and Central District courts on the ground that "[Fils] and his attorneys failed to serve or give prior notice to [Santa] of the non-party subpoenas."  RJN, Ex. 6 at p. 6:5-6; Ex. 8 at p. 4:5-6.  Santa also filed motions to quash the subpoenas that the Courts had issued more than a year earlier, claiming that she was objecting to the subpoenas "based on the fact that the subpoenas were not served on her as required by Fed. R. Civ. P. 45."  RJN, Ex. 6 at p. 4:6-7; Ex. 7 at p. 4:11-12.  In the motions to quash, Santa also sought sanctions "against Fils and/or his attorneys for failure to serve Santa Bernahl . . . deposition subpoenas of non-party witnesses as required by Fed. R. Civ. P. 45."  RJN, Ex. 6 at p. 2:3-4; Ex. 7 at p. 2:1-2.

On April 29, 2022, the district court in the Northern District denied Santa's motion to reopen the case as untimely and terminated her motion to quash as moot.  RJN, Ex. 11.  In its order denying Santa's motions, the court noted that despite learning of the third-party subpoenas on March 25, 2021, Santa waited one year to file her Rule 60(b)(3) motion to vacate, and thus, she was not prevented from filing her motion to vacate due to her lack of notice.  *Id.* at pp. 3-4.  The court further observed that Santa did not file any objections to the Latvian court's consideration of the evidence obtained through the § 1782 subpoenas.  *Id.* at p. 2.

On May 27, 2022, Santa, still represented by Mr. Miller, filed a motion for a new trial under Federal Rules of Civil Procedure, Rule 52(b), 59(a), 59(e) and 60(b) in the district court in the Northern District.  RJN, Ex. 10.  Santa argued, *inter alia*, that her motion

to quash and for sanctions was not moot, claiming that sanctions were appropriate because the conduct of "Fils and his attorneys . . . was without colorable basis and undertaken in bad faith, i.e., motivated by improper purposes."  *Id.* at p. 8:4-6.  On July 5, 2022, the district court denied Santa's motion for new trial.  RJN, Ex. 11.

On March 13, 2023, the district court in the Central District of California denied Santa's motions to reopen the case and quash subpoenas on the ground that the motions were untimely.  RJN, Ex. 12.  In so ruling, the court observed that, although the basis for Santa's motion was that she did not receive notice of the subpoenas, Santa herself admitted that, on June 3, 2021, she became aware of the court's October 2020 order granting Fils' § 1782 Application for issuance of third-party subpoenas.  *Id* at p. 4.  Yet, the court noted, Santa delayed filing the motion for relief until March 25, 2022.  *Id.*

## C.   Plaintiff's Current Complaint

On January 31, 2023, Plaintiff filed his initial complaint in this action.[2]  On February 6, 2023, Plaintiff obtained leave to file the operative Second Amended Complaint, which added Sergenian Ashby, LLP as a defendant.  (Dk. No. 13.)

In the Second Amended Complaint, Plaintiff asserts four claims for relief against Defendants: (1) abuse of process for allegedly engaging in coordinated effort to obtain discovery through third-party subpoenas without notice to Plaintiff (¶¶ 45-47, 49-51); (2) invasion of privacy for subpoenaing private and confidential documents from third-parties, which materials "intruded on Plaintiff's solitude or private affairs" (¶¶ 55-57); (3) declaratory relief seeking a declaration that the third-party subpoenas issued in the federal district courts are null and void and that, under Rule 45 of the Federal Rules of Civil Procedure, Defendants were required to serve Plaintiff and Santa (who is not a party here) before service on the third-party entities (¶¶ 63-66); and (4) intentional infliction of emotional distress caused by Defendants' alleged misconduct in their handling of the third-party

_____

[2] Plaintiff apparently attempted to file the complaint on January 27, 2023, but it was rejected due to noncompliance with Local Rule 3-4(a) and conflicting addresses on the civil cover sheet and in ECF.  (*See* Dk. Nos. 1-2.)  For additional procedural history leading to the filing of the Second Amended Complaint, see Plaintiff's Motion for Leave to Amend Complaint, filed February 6, 2023.  (Dk. No. 12.)

1   subpoenas (¶¶ 68-71).

2          On February 27, 2023, Defendants' counsel sent a letter to Plaintiff's counsel

3   requesting immediate dismissal of the action with prejudice.  Declaration of Merri A.

4   Baldwin ("Baldwin Decl."), ¶ 2, Ex. A.  The letter identified, *inter alia*, several fatal

5   deficiencies in the complaint that rendered it frivolous and subject to Rule 11 sanctions.  *Id.*

6   Plaintiff's counsel, however, refused to dismiss the complaint.  *Id.*, ¶ 3, Ex. B.  On March 27,

7   2023, Defendants served the requisite Rule 11 notice and copy of this motion and supporting

8   papers on Plaintiff in compliance with Rule 11(c)(2).  *Id.*, ¶ 5.

9   **III.    LEGAL STANDARD**

10          "Federal Rule of Civil Procedure 11 provides for the imposition of sanctions

11   when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought

12   for an improper purpose."  *Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 985 (9th

13   Cir. 1997). As the Ninth Circuit has explained, "Rule 11 addresses two separate problems:

14   first, the problem of frivolous filings; and second, the problem of misusing judicial

15   procedures as a weapon for personal or economic harassment."  *Aetna Life Ins. Co. v. Alla*

16   *Medical Servs., Inc*., 855 F.2d 1470, 1475 (9th Cir. 1988) (internal quotation marks omitted).

17   Under Ninth Circuit precedent, a filing that is "baseless and made without a reasonable and

18   competent inquiry" is "frivolous."  *Townsend v. Holman Consulting Corp*., 929 F.2d 1358,

19   1362 (9th Cir. 1990).  A motion may be deemed to have been filed for an "improper purpose"

20   when it "is filed in the context of a persistent pattern of clearly abusive litigation activity."

21   *Aetna Life Ins*., 855 F.2d at 1476.  Moreover, although the frivolous and improper purpose

22   standards are "separate and distinct," in many cases the inquiries will overlap because

23   "evidence bearing on frivolousness or non-frivolousness will often be highly probative of

24   purpose."  *Townsend*, 929 F.2d at 1362; *see e.g., Rodriguez v. United States*, 542 F.3d 704,

25   709 (9th Cir. 2008) ("'A frivolous case is one that is groundless ... with little prospect of

26   success; often brought to embarrass or annoy the defendant.'  [Citation.]").

27          A finding of subjective bad faith or willfulness is not required for imposition of

28   Rule 11 sanctions, and counsel has been sanctioned for negligent mistakes.  *See Zaldivar v.*

*City of Los Angeles*, 780 F.2d 823, 829 (9th Cir. 1986), *abrogated on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 399-400 (1990) (a finding of subjective bad faith or willfulness not required for imposition of Rule 11 sanctions); *see also Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994) (rejecting attorney's argument that Rule 11 sanctions should not be awarded because he had just made a "stupid mistake").

Once a court determines that Rule 11 has been violated, the court "may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion," Fed. R. Civ. P. 11(c)(2), and has significant discretion to determine appropriate sanctions for particular violations of Rule 11.  *Paciulan v. George*, 38 F. Supp. 2d 1128, 1144 (N.D. Cal. 1999), *aff'd on other grounds*, 229 F.3d 1226 (9th Cir. 2000).  Rule 11 violations warrant sanctions "against the represented party, the lawyer, or both."  *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1536 (9th Cir. 1986), *superseded by statute on other grounds*.

## IV.    ARGUMENT

### A.    Sanctions Are Warranted Because Plaintiff's Assertion of Federal Jurisdiction Is Frivolous.

When, as here, a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it."  *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002).  Both prongs are easily satisfied here, and Defendants respectfully urge the Court to impose sanctions to deter Plaintiff and his counsel from further pursuing this frivolous claim in this or any other court.

#### 1.    Plaintiff's assertion of diversity jurisdiction is factually baseless and made without a reasonable and competent inquiry.

Plaintiff claims federal jurisdiction on the basis of an alleged federal question. as well as diversity of citizenship under 28 U.S.C. § 1332(a).  (Second Am. Compl. ¶ 17.) Neither basis is viable, as the most minimal inquiry would have revealed, but Plaintiff's claim

of diversity jurisdiction is particularly egregious.

As a threshold matter, a party claiming diversity jurisdiction must affirmatively allege the state of citizenship of each party.  *See Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  Plaintiff does not do so here.  In fact, Plaintiff's Second Amended Complaint contains *no* allegation of the citizenship of any of the defendants, a fatal defect in establishing diversity jurisdiction.

Next, diversity jurisdiction requires complete diversity, meaning that Plaintiff, a California citizen, must be of different citizenship than all defendants.  *Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939); *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 562 (2005).  Any instance of common citizenship between Plaintiff and any defendant prevents federal diversity jurisdiction.  *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 388 (1998).  There is no complete diversity in this case because at least the following *four* defendants are California citizens: Joseph Ashby, Ashby Law Firm P.C., Sergenian Ashby LLP, and Eversheds Sutherland (US) LLP.

Even the most cursory internet search would have revealed that defendants Joseph Ashby, his current law firm, Ashby Law Firm P.C., and his prior firm, Sergenian Ashby LLP, a dissolved entity, are all California citizens.  *See* Declaration of Joseph R. Ashby ("Ashby Decl."), ¶¶ 2-3, 5.[3]  Further, the publicly accessible website of Eversheds Sutherland (US) LLP reflects that it has multiple partners practicing in its California offices, meaning that Eversheds Sutherland (US) LLP is also a California citizen for purposes of diversity jurisdiction.  Declaration of Ian Shelton, ¶¶ 2-3.  *See Carden v. Arkoma Associates*, 494 U.S. 185, 189 (1990) (a limited partnership treated as having the citizenship of all its partners; *accord Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (following *Carden*, 494 U.S. at 189).

_____

[3] California State Bar record for Mr. Ashby shows that his firm, Ashby Law Firm P.C., is located in Los Angeles, California.  Ashby Decl., ¶ 4, Ex. 1.  Moreover, the caption pages of the documents that the Ashby Defendants filed on behalf of their client, Fils, in the proceedings in the Northern District of California—including those that are attached as exhibits to Plaintiff's Second Amended Complaint—also list Los Angeles addresses for Mr. Ashby and his current and prior firms.  *See* Second Am. Compl., Exs. E-1, E-2; *see also* Ashby Decl., ¶¶ 3, 5.

In sum, Plaintiff's assertion of diversity jurisdiction is factually baseless.  This, coupled with the fact that Plaintiff's counsel failed to make even the minimal effort, let alone a "reasonable and competent inquiry," *Townsend*, 929 F.2d at 1362, warrant Rule 11 sanctions against Plaintiff and his counsel under Rule 11(b)(2) and (3).  *See, e.g., Hendrix v. Naphtal*, 971 F.2d 398, 400 (9th Cir. 1992) (attorney's failure to conduct a reasonable investigation of the client's domicile breached attorney's Rule 11 obligations and gave rise to Rule 11 sanctions; district court's award of sanctions under Rule 11 affirmed); *see also Marcus v. Alexandria Real Estate Equities, Inc.,* No. 2:21-cv-08088-SB-SK, 2022 WL 2815904, at *3-*5 (C.D. Cal. May 3, 2022) (Rule 11 sanctions in the amount of $50,000 appropriate where plaintiff's counsel failed to conduct an adequate inquiry into whether assertion of diversity jurisdiction was proper); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) (counsel's failure to verify diversity of citizenship allegation "confesses a violation of Fed. R. Civ. P. 11").

## 2. Plaintiff's assertion of federal question jurisdiction is also frivolous because it runs contrary to established law.

Federal courts have jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  This general federal question statute is narrowly construed: it is not enough that a case merely "arises under" federal law. *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 494-95 (1983).  Rather, for federal question jurisdiction, there must be a "substantial" question of federal law, one that is not immaterial or frivolous.  *Bell v. Hood*, 327 U.S. 678, 682-83 (1946).  As with other "claims, defenses, and . . . legal contentions," plaintiff's assertion of federal question jurisdiction must be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law …" Fed. R. Civ. P. 11(b)(2).  Filing a complaint known to be lacking in subject matter jurisdiction is sanctionable under Rule 11. *See Orange Production Credit Ass'n v. Frontline Ventures Ltd*., 792 F.2d 797, 801 (9th Cir. 1986) (affirming Rule 11 sanctions for filing complaint in federal district court without legal foundation for subject matter jurisdiction).

1    Here, Plaintiff's assertion of federal question jurisdiction is founded on the

2    theory that Defendants intentionally abused the process of the federal courts by failing to

3    serve the third-party subpoenas in accordance with Rule 45 of the Federal Rules of Civil

4    Procedure.  (*See* Second Am. Compl., ¶¶ 17, 34-43.)   The federal question, Plaintiff's

5    counsel contends, is whether under 28 U.S.C. § 1331, Defendants were required to serve

6    Plaintiff with the subpoenas prior to serving them on the subpoenaed third-parties.  *See*

7    Baldwin Decl., ¶ 3, Ex. B at p. 2.  Plaintiff's contention is untenable and is not "warranted by

8    existing law," as Rule 11 requires.  *See* Fed. R. Civ. P. 11(b)(2).

9    First, Plaintiff's allegation that Defendants violated Federal Rule of Civil

10   Procedure 45 is of no moment for jurisdictional purposes: the Federal Rules of Civil

11   Procedure can neither "expand the jurisdiction of the district courts" nor "create jurisdiction

12   where none exists."  *United States v. Suntip Co.*, 82 F.3d 1468, 1474 (9th Cir. 1996) (citing

13   Fed. R. Civ. P. 82 and *United States v. Sherwood*, 312 U.S. 584, 589-90 (1941)); *see also*

14   *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 370 (1978) ("it is axiomatic that

15   the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction");

16   *Nutraceutical Corp. v. Lambert*, __ U.S. __, 139 S. Ct. 710, 714 (2019) (a time limitation

17   found in a procedural rule was "properly classified as a nonjurisdictional claim-processing

18   rule"); *Hamer v. Neighborhood Housing Servs. of Chicago*, __ U.S. __, 138 S. Ct. 13, 17

19   (2017) ("'Only Congress may determine a lower federal court's subject-matter

20   jurisdiction.'").  Plaintiff's theory therefore rests on an elementary misunderstanding of

21   federal procedure and does not support jurisdiction.

22   Second, it is long-settled that an abuse of process claim based on an alleged

23   violation of federal rules does not create federal question jurisdiction.  *See Wheeldin v.*

24   *Wheeler*, 373 U.S. 647, 650-52 (1963) (holding that federal court did not have jurisdiction

25   over abuse of process claim arising from alleged misuse of a congressional subpoena because

26   abuse of process was a state claim and federal courts did not have the power to create a

27   federal common law claim for abuse of process despite the federal nature of the subpoena).

28   As the Supreme Court noted in *Wheeldin* nearly 60 years ago: "it is difficult for us to see how

the present [federal] statute, which only grants power to issue subpoenas, implies a cause of action for abuse of that power.  Congress has not . . . left to federal courts the creation of a federal common law for abuse of process." *Id.* at 651-52.  This jurisdictional principle has not changed since.  *See Blaha v. Rightscorp, Inc.*, No. CV 14–9032 DSF (JCGx), 2015 WL 4776888, at *1 (C.D. Cal. May 8, 2015) (rejecting plaintiff's claim that his abuse of process claim was a federal claim "'aris[ing] under' federal law because it involves abuse of a process (subpoenas) permitted by a particular federal statute" (parenthetical in original)).

Other federal courts that have addressed jurisdictional issues in abuse of process cases have reached the same conclusion.  *See, e.g., Fisher v. White*, 715 F.Supp. 37, 42 (E.D.N.Y. 1989) (because state, not federal, law governs abuse of process claims, removal was improper since the case did not "aris[e] under the Constitution, laws, or treaties of the United States" under 28 U.S.C. § 1331); *Eastern Industries, Inc. v. Joseph Ciccone & Sons, Inc.*, 532 F. Supp. 726, 728 (E.D. Pa. 1982) (holding that court did not have jurisdiction over abuse of process claim alleging improper conduct in a federal suit because there is no federal common law claim for abuse of process (citing *Wheeldin*, 373 U.S. at 652); *Port Drum Co. v. Umphrey*, 852 F.2 148, 149-50 (5th Cir. 1988) (holding that Fed. R. Civ. P. 11 is not a federal law for purposes of section 1331 jurisdiction, but is "instead a regulator of a party's proceedings once that party is in federal court pursuant to another, independent jurisdictional grant").

Third, to the extent that Plaintiff is attempting to create federal question jurisdiction through its cause of action for declaratory relief, Plaintiff fails again.  "It is well settled that the Declaratory Judgment Act does not itself confer federal subject matter jurisdiction, but merely provides an additional remedy in cases where jurisdiction is otherwise established." *Staacke v. U.S. Secretary of Labor*, 841 F.2d 278, 280 (9th Cir. 1988) (internal quotation marks and citations omitted); *see also Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) ("Congress [in enacting the Declaratory Judgment Act] enlarged the range of remedies available in the federal courts but did not extend their jurisdiction"); *Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009) (Declaratory Judgment Act is

"procedural only" and does not enlarge jurisdiction of federal courts).  Accordingly, Plaintiff

cannot create federal subject matter jurisdiction through his claim for declaratory relief.

**B.      Sanctions Are Warranted Because Plaintiff's Claims Are Frivolous On the Merits.**

Rule 11 provides that an attorney or party presenting a pleading to the Court

certifies that "to the best of the person's knowledge, information, and belief, formed after an

inquiry reasonable under the circumstances," that the claims are "warranted by existing law

or by a nonfrivolous argument for extending, modifying, or reversing existing law or for

establishing new law."  Rule 11(b).  "The reasonable inquiry test is meant to assist courts in

discovering whether an attorney, after conducting an objectively reasonable inquiry into the

facts and law, would have found the complaint to be well-founded."  *Holgate v. Baldwin*, 425

F.3d 671, 677 (9th Cir. 2005).  The Second Amended Complaint falls far short of meeting

this test:  there is no cause of action for violating the federal rules; the claims are barred by

the litigation privilege; and the claims are barred by the statute of limitations.

**1.      There is no private cause of action for violating Federal Rules of Civil Procedure.**

Rules governing procedure in the federal courts do not give rise to private

causes of action.  *See Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353,

372 (9th Cir. 2005), *cert denied*, 547 U.S. 1192 (2006) (Federal Rules of Civil Procedure do

not create duties on which an opposing party may base a negligence claim); *see also Cohen v.

Lupo*, 927 F.2 363, 365 (8th Cir. 1991) (no independent cause of action for Rule 11

violation); *Hatch v. TIG Insurance Co.*, 301 F.3d 915, 918 (8th Cir. 2002) (rejecting

misrepresentation claims based on alleged insurance coverage misstatements made by

insurers to settle a separate underlying lawsuit); *Good v. Khosrowshahi*, 296 Fed. App'x 676,

680 (10th Cir. 2008) (in affirming dismissal of a cause of action for violating Fed. R. Civ. P.

5.2, stating "rules governing procedure in the federal courts do not give rise to private causes

of action"); *Digene Corp. v. Ventana Medical Systems, Inc.*, 476 F. Supp. 2d 444, 451-52 (D.

Del. 2007) (dismissing claim of civil conspiracy to evade discovery obligations where the

1   parties failed to timely produce responsive documents "[b]ecause the Federal Rules of Civil

2   Procedure do not create a private cause of action").

3          Here, Plaintiff's First and Third Causes of Action rest on the theory that

4   Defendants abused the process of the federal courts when they filed the ex parte applications

5   for third-party subpoenas under 28 U.S.C. § 1782 but failed to serve the subpoenas on

6   Plaintiff in compliance with Rule 45 of the Federal Rules of Civil Procedure prior to serving

7   the subpoenaed third parties.  *See* Second Am. Compl. ¶¶ 28-39, 46-50, 64-66.  Because

8   Plaintiffs' claims are premised on an alleged violation of a procedural rule, and no separate

9   cause of action exists under the law for such a violation, Plaintiff's First and Third Causes of

10  Action fail as a matter of law.  Any alleged violation of the Federal Rules of Civil Procedure

11  must be asserted through a motion in the underlying 28 U.S.C. § 1782 action, not through a

12  separate lawsuit. *E.g., Handeen v. Lemaire*, 112 F.3d 1339, 1345 n.8 (8th Cir. 1997) ("Rule

13  11 sanctions must be sought by motion in a pending case; there can be no independent cause

14  of action instituted for Rule 11 sanctions.") (quoting *Cohen v. Lupo*, 927 F.2d 363, 365 (8th

15  Cir.), *cert. denied*, 502 U.S. 861 (1991)).  And given the settled nature of the law precluding a

16  private right of action on the basis of an alleged violation of federal rules, had Plaintiff's

17  counsel performed "reasonable and competent" legal research, he would have discovered that

18  no such claim exists.

19          **2.      Plaintiff's claims are barred by the litigation privilege.**

20          The litigation privilege, codified at Civil Code section 47, subdivision (b),

21  provides that a "publication or broadcast" made as part of a "judicial proceeding" is

22  privileged.  This privilege is absolute in nature, applying "to all publications, irrespective of

23  their maliciousness." *Silberg v. Anderson*, 50 Cal. 3d 205, 216 (1990).  "The usual

24  formulation is that the privilege applies to any communication (1) made in judicial or quasi-

25  judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve

26  the objects of the litigation; and (4) that [has] some connection or logical relation to the

27  action." *Id.* at 212 (citing Civ. Code § 47(b)).  The privilege is intended to grant litigants and

28  other participants "'the utmost freedom of access to the courts without fear of being harassed

1   subsequently by derivative tort actions.'"  *Healy v. Tuscany Hills Landscape & Recreation*

2   *Corp.*, 137 Cal. App. 4th 1, 5 (2006).  In order to achieve this purpose of curtailing derivative

3   suits, the litigation privilege is construed broadly and immunizes defendants from all tort

4   liability except for malicious prosecution.  *Kenne v. Stennis*, 230 Cal. App. 4th 953, 965

5   (2014).  In federal courts, any doubt as to the applicability of California's litigation privilege

6   is resolved in favor of applying it.  *Morales v. Cooperative of American Physicians, Inc.,*

7   *Mut. Protection Trust*, 180 F.3d 1060 (9th Cir. 1999).

8           Here, there is no question that Plaintiff's claims are subject to the litigation

9   privilege, as each claim is premised on wrongdoings that Defendants allegedly committed in

10  connection with their representation of Fils in the ex parte § 1782 Application proceedings.

11  *See* Second Am. Compl. ¶¶ 45-51 (abuse of process claim based on Defendants' alleged

12  failure to comply with Fed. R. Civ. P. 45 by not giving Plaintiff notice of the third-party

13  subpoenas prior to serving them on the third parties); ¶¶ 55 (invasion of process claim based

14  on Defendants' subpoenaing documents intruding on Plaintiff's private personal and financial

15  affairs); ¶¶ 63-64 (claim for declaratory relief based on an alleged controversy as to whether

16  Defendants were required to serve Plaintiff and/or his wife with the third-party subpoenas

17  before serving them on the third-parties); and ¶¶ 68-69 (intentional infliction of emotional

18  distress claim based on Defendants' alleged engagement in "manipulating the court and the

19  U.S. legal system to obtain Plaintiff's highly personal and sensitive information on behalf of

20  their client").

21          The weight of authority supporting the dismissal of all claims on the basis of

22  the litigation privilege is overwhelming.  *See, e.g., Blaha*, 2015 WL 44776888, at *2-*3

23  (abuse of process claim alleging misconduct in obtaining subpoenas barred by the litigation

24  privilege); *Kenne*, 230 Cal. App. 4th at 965 (claims for abuse of process, conspiracy and

25  intentional infliction of emotional distress arising from defendants' alleged conspiracy to file

26  false complaints to obtain a TRO against plaintiff without good cause barred by the litigation

27  privilege); *JSJ Limited Partnership v. Mehrban*, 205 Cal. App. 4th 1512, 1522 (2012)

28  (landlord's claim against restaurant patron for abuse of process, based on alleged "contriving"

of a new ADA lawsuit, allegedly in retaliation for landlord's successful defense in an earlier lawsuit, barred by the litigation privilege); *G.R. v. Intelligator*, 185 Cal. App. 4th 606, 619 (2010) (dismissal of husband's claim against wife's attorney for improper use of consumer credit file and invasion of privacy on the basis of the litigation privilege affirmed).

On a related note, to the extent that Plaintiff is attempting to sidestep the reach of the litigation privilege by claiming that the gravamen of his suit focuses on Defendants' "noncommunicative conduct," i.e., "improperly mailing the subpoenas to the third parties without notice to [Plaintiff] at any time," Plaintiff's argument fails. *See* Baldwin Decl. ¶ 3, Ex. B at p. 3. The litigation privilege applies to all communicative acts related to litigation. *See Rusheen v. Cohen*, 37 Cal. 4th 1048, 1057 (2006) (communicative acts of filing allegedly false declarations of service to improperly obtain a default judgment and post-judgment enforcement efforts, including the application for writ of execution and acts of levying on property, all protected by the litigation privilege). The communicative act of serving subpoenas is just part and parcel of the right to petition courts for redress. *See Flores v. Emerich & Fike*, 416 F.Supp.2d 885, (E.D. Cal. 2006) (litigation privilege protected law firm attorneys from tort liability for abuse of process for sending notice of client's security interest); *cf. Navellier v. Sletten*, 106 Cal. App. 4th 763, 770 (2003) (pleadings "and process in a case are generally viewed as privileged communications").

Given the body of case law supporting the dismissal of all claims on the basis of the litigation privilege, no reasonable attorney would have found the Second Amended Complaint to be well founded, and for that reason, Plaintiff and his counsel should be sanctioned under Rule 11 for filing the frivolous complaint.

### 3.   Plaintiff's claims are barred by the statute of limitations.

Filing a complaint that is barred by the statute of limitations subjects a plaintiff to sanctions under Rule 11. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 653 (9th Cir. 1988) (Rule 11 sanctions affirmed in a case where all claims were time-barred). As discussed below, Plaintiff discovered the facts constituting Defendants' alleged wrongful acts more than

1    one year prior to filing this complaint, and no statutory tolling provisions apply, Rule 11

2    sanctions are supported on that additional ground.

3            The claims against defendants, all attorneys or law firms, are subject to the

4    one-year statute of limitations set forth in Cal. Code of Civ. Pro. Section 340.6, which

5    sets forth the statute of limitations that applies to actions against attorneys for "a wrongful act

6    or omission, other than for actual fraud, arising in the performance of profession services."

7    Code Civ. Proc. §340.6(a).  That section applies broadly to any claim alleging an attorney's

8    violation of professional obligations, "regardless of how those claims were styled."  *Lee v.*

9    *Hanley*, 61 Cal. 4th 1225, 1235 (2015).  The one-year limitation period is not limited to

10   malpractice claims against attorneys.  *See, e.g., Connelly v. Bornstein*, 33 Cal. App. 5th 783

11   (2019) (section 340.6, the one-year statute of limitations governing attorneys' wrongful

12   professional acts or omissions, applied to malicious prosecution claim against attorneys who

13   performed professional services in the underlying litigation instead of the two-year statute of

14   limitations applicable to malicious prosecution claims against litigants).  Since Plaintiff's

15   allegations against Defendants center on their performance of legal services in connection

16   with the § 1782 Application proceedings (Second Am. Compl. ¶¶ 28-41, "Overview" at p. 2),

17   Section 340.6 clearly applies to those claims.

18           Section 340.6 provides that claims against attorneys must be brought "within

19   one year after the plaintiff discovers, or through the use of reasonable diligence should have

20   discovered, the facts constituting the wrongful act or omission . . ."  Section 340.6(a).

21   Discovery for purposes of section 340.6 occurs when the plaintiff knows the material acts

22   constituting the alleged wrongful act, not when the client realizes that the acts constitute

23   professional negligence.  *Neel v. Magana, Olney, Levy, Cathcart & Gelfand*, 6 Cal. 3d 176,

24   190 (1971); *Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP,* 133 Cal.

25   App. 4th 658, 685 (2005) (plaintiffs' knowledge of the facts constituting the alleged wrongful

26   acts more than one year prior to filing complaint bars the claims).  Section 340.6 sets forth

27   certain circumstances that toll the statute of limitations.  Code Civ. Proc. § 340.6(a)(1)-(5).

28

In the § 1782 Application proceedings before the Northern and Central Districts of California, Plaintiff's wife, Santa, submitted declarations attesting that, on March 25, 2021, she became aware of the subpoenas issued in the Northern District on March 25, 2021, after *Plaintiff* ran a Google search of his name.  RJN, Ex. 4 at p. 3, Ex. 5 at p. 3.  Upon becoming aware of these subpoenas, Plaintiff himself contacted the subpoenaed third-parties and learned from one such entity that the subpoena "was signed by attorney Joseph Ashby and sent from his office with the knowledge that the subpoenas were being served on third parties prior to service to [Santa]."  RJN, Ex. 4 at p. 3, Ex. 5 at p. 3.  Santa further attested that she became aware of the remaining subpoenas around June 3, 2021, when Fils submitted information received from the subpoenas in the Latvian Proceedings.  *Id.*   Thus, by June 3, 2021, at the very latest, Plaintiff had inquiry notice that triggered the commencement of the one-year limitations period.  *See Genisman v. Carley*, 29 Cal. App. 5th 45, 50 (2018) ("Inquiry notice exist[s] where 'the plaintiffs have reason to at least suspect that a type of wrongdoing has injured them.'" (quoting *Fox v. Ethicon Endo-Surgery, Inc*., 35 Cal. 4th 797, 807 (2005)).  None of the tolling factors set forth in the statute applies.  Because Plaintiff waited until January 2023—more than one year from June 3, 2021—to bring this suit, his claims are time-barred.  Notably, since Plaintiff alleges that he was harmed by Defendants' execution of the subpoenas, there is no basis to find tolling on the ground that he did not sustain actual injury, the only provision that would potentially apply under the facts.  *See, e.g*., Second Am. Compl. ¶¶ 50-52, 55-59, 69.

Plaintiff's filing of the time-barred lawsuit, and continuing to press his claims after being informed by Defendants that those claims were time-barred, independently supports Rule 11 sanctions.  *See* Baldwin Decl., ¶ 3, Ex. B at 3 (plaintiff counsel's contention that the one-year statute of limitations is inapplicable "as it applies to a legal malpractice claim against an attorney," despite being provided with authority, *Connelly*, 33 Cal. App. 5th at 799, in which the statute was applied to a non-client's suit for malicious prosecution against former opponent's attorney (*see* Baldwin Decl., ¶ 2, Ex. A at 4)).  This is particularly true here, when Plaintiff's counsel previously filed motions on behalf of Santa in the

underlying 28 U.S.C. § 1782 Application proceedings that were denied based on the one-year

limitations period found in Rule 60(c).  *See* RJN, Ex. 9 at pp. 2-5, Ex. 11 at pp. 4-5, Ex. 12 at

pp. 3-5.

### C.   Sanctions Are Warranted Because the Second Amended Complaint Was Filed for An Improper Purpose.

A separate ground for Rule 11 sanctions is that Plaintiff filed this action for an

"improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost

of litigation." (Rule 11(b)(1)).  Plaintiff and his attorneys here make essentially the same

claims his wife (represented by the same counsel) unsuccessfully made in three filings before

two courts, in a forum that lacks jurisdiction and in the form of causes of action that have no

legal basis.  All of these circumstances support the inference that Plaintiff's complaint was

filed for an improper purpose that supports the imposition of Rule 11 sanctions.

The standard governing whether a party filed a pleading for an improper

purpose is objective.  *Townsend*, 929 F.2d at 1362.  "A district court confronted with solid

evidence of a pleading's frivolousness may in circumstances that warrant it infer that it was

filed for an improper purpose."  *Id.* at 1365; *see also Huettig & Schromm, Inc. v. Landscape*

*Contractors Council of Nor. Cal.,* 790 F.2d 1421, 1427 (9th Cir. 1986).  "If counsel willfully

files a baseless complaint, a court may properly infer that it was filed either for purposes of

harassment, or some purpose other than to vindicate rights through the judicial process."  *In*

*re Kunstler*, 914 F.2d 505, 519 (4th Cir. 1990).  The court may consider a broad range of

circumstances in making a determination as to improper purpose.  "Circumstantial facts

surrounding the filing may also be considered as evidence of the signer's purpose.  Repeated

filings, the outrageous nature of the claims made, or a signer's experience in a particular area

of law, . . . are all appropriate indicators of an improper purpose."  *In re Kunstler*, 914 F.2d at

519 (circumstances considered as a whole, including fact that plaintiff held press conference

to announce lawsuit, supported conclusion of improper purpose).

As set forth in detail herein, Plaintiff and his counsel chose to persist in

prosecuting a frivolous complaint after Defendants' counsel brought the clear deficiencies to

their attention and gave them the opportunity to withdraw the pleading.  Baldwin Decl., Ex. A.  Plaintiff and his counsel make the same argument as to lack of service that Plaintiff's wife made, unsuccessfully, in two separate courts through three prior motions.  RJN, Exs. 6-8. Despite overwhelming authority that there is no stand-alone cause of action for violation of the Federal Rules of Civil Procedure, Plaintiff's counsel did not seek relief on behalf of Plaintiff through motions in the underlying 28 U.S.C. § 1782 actions because he knew they would be denied for the same reasons as Santa's motions.  Moreover, while Plaintiff was not a party to the prior proceedings, Plaintiff here seeks relief both for himself and his wife through his declaratory relief cause of action, despite the fact that she is not a party hereto. (Second Am. Compl., ¶¶ 63-33.)  Lastly, Plaintiff himself issued a press release on March 1, 2023, after Defendants' counsel had alerted Plaintiff's counsel of the deficiencies in the complaint, announcing (falsely) that he had sued "the London-based global law firm Eversheds Sutherland for misrepresenting information to the Federal Courts throughout the US in order to wrongfully obtain Bernhal's private information on behalf of client, millionaire Olegs Fils."  Baldwin decl., ¶ 4, Ex. C.  Under All of these circumstances, this Court may properly infer Plaintiff's improper purpose in filing the present complaint in violation of Rule 11, and should do so.

## V.     CONCLUSION

For the foregoing reasons, Defendants request that this Court issue Rule 11 sanctions against Plaintiff and his attorneys in an amount that compensates Defendants for their legal fees and costs incurred in bringing this motion.

Dated:  March 27, 2023                    ROGERS JOSEPH O'DONNELL

By: _____
    MERRI A. BALDWIN

Attorneys for Defendants
Eversheds Sutherland (US) LLP, Ian S. Shelton, Sarah E. Paul, Ashby Law Firm P.C., Joseph R. Ashby, and Sergenian Ashby, LLP