ROGERS JOSEPH O'DONNELL
Merri A. Baldwin (State Bar No. 141957)
mbaldwin@rjo.com
S. Amber Lee (State Bar No. 197329)
slee@rjo.com
311 California Street
San Francisco, California 94104
Telephone: 415.956.2828
Facsimile: 415.956.6457

**Attorneys for Defendants**
Eversheds Sutherland (US) LLP, Ian S. Shelton, Sarah E. Paul, Ashby Law Firm P.C., Joseph R. Ashby, and Sergenian Ashby, LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID BERNAHL, an individual,

Plaintiff,

vs.

EVERSHEDS SUTHERLAND LIMITED; EVERSHEDS SUTHERLAND (INTERNATIONAL) LLP, a limited liability partnership, registered in England and Wales; EVERSHEDS SUTHERLAND (EUROPE) LIMITED; EVERSHEDS SUTHERLAND BITĀNS dba Eversheds Bitans Law Office; EVERSHEDS SUTHERLAND (US) LLP, a limited liability partnership organized under the laws of Georgia; SERGENIAN ASHBY, LLP, a limited liability partnership organized under the laws of California; ASHBY LAW FIRM P.C., a professional corporation organized under the laws of California; IAN S. SHELTON, an individual; JOSEPH R. ASHBY, an individual; SARAH E. PAUL, an individual; and DOES 1-100,

Defendants.

Case No. 5:23-cv-00411-BLF

**NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 BY DEFENDANTS EVERSHEDS SUTHERLAND (US) LLP, IAN SHELTON, SARAH PAUL, ASHBY LAW FIRM P.C., SERGENIAN ASHBY LLP AND JOSEPH ASHBY; MEMORANDUM OF POINTS AND AUTHORITIES**

Date: August 31, 2023
Time: 9:00 a.m.
Dept.: San Jose Courthouse, Ctrm. 3 – 5th Fl.
Judge: Honorable Beth Labson-Freeman

# TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION .....1

II. FACTUAL AND PROCEDURAL BACKGROUND .....2

A. Underlying Proceedings in Latvia .....2

B. Santa's Motions for Relief Alleging Failure to Serve Subpoenas Denied by District Courts .....3

C. Plaintiff's Current Complaint and Defendants' Rule 11 Motions .....3

III. LEGAL STANDARD .....4

IV. ARGUMENT .....4

A. Sanctions Are Warranted Because Plaintiff's Assertion of Federal Jurisdiction Is Frivolous. .....4

1. Plaintiff's assertion of diversity jurisdiction is factually baseless and made without a reasonable and competent inquiry. .....4

2. Plaintiff's assertion of federal question jurisdiction is also frivolous because it runs contrary to established law. .....5

B. Sanctions Are Warranted Because Plaintiff's Claims Are Frivolous On the Merits. .....6

1. There is no private cause of action for violating Federal Rules of Civil Procedure. .....7

2. Plaintiff's claims are barred by the litigation privilege and the *Noerr-Pennington* doctrine. .....7

3. Plaintiff's claims are barred by the statute of limitations. .....9

C. Sanctions Are Warranted Because the Second Amended Complaint Was Filed for An Improper Purpose. .....9

V. CONCLUSION .....10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546 (9th Cir. 1987) .... 4

*Bell v. Hood*, 327 U.S. 678 (1946) .... 5

*Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691 (7th Cir. 2003) .... 4

*Blaha v. Rightscorp, Inc.*, No. CV 14–9032 DSF, 2015 WL 4776888 (C.D. Cal. May 8, 2015) .... 6, 8

*Carden v. Arkoma Associates*, 494 U.S. 185 (1990) .... 5

*Christian v. Mattel, Inc.*, 286 F.3d 1118 (9th Cir. 2002) .... 4

*Cohen v. Lupo*, 97 F.2d 363 (8th Cir. 1991) .... 7

*Connelly v. Bornstein*, 33 Cal.App.5th 783 (9th Cir. 2019) .... 9

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005) .... 5

*Flores v. Emerich & Fike*, 416 F.Supp.2d 885 (E.D. Cal. 2006) .... 8

*Foothill Federal Credit Union v. Superior Court*, 155 Cal.App.4th 632 2007) .... 8

*Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180 (2005) .... 8

*Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948 (S.D. Cal. 1996) .... 8

*Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531 (9th Cir. 1986), *superseded by statute on other grounds* .... 4

*Hendrix v. Naphtal*, 971 F.2d 398 (9th Cir. 1992) .... 5

*Holgate v. Baldwin*,
425 F.3d 671 (9th Cir. 2005) ........ 7

*Huettig & Schromm, Inc. v. Landscape Contractors Council of Nor. Cal.*,
790 F.2d 1421 (9th Cir. 1986) ........ 9

*Khrapunov v. Prosyankin*,
931 F.3d 922 (9th Cir. 2019) ........ 6

*Kiobel v. Cravath, Swain & Moore LLP*,
895 F.3d 238 (2nd Cir. 2018) ........ 6

*In re Kunstler*,
914 F.2d 505 (4th Cir. 1990) ........ 9

*Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*,
431 F.3d 353 (9th Cir. 2005) ........ 7

*Mir v. Little Co. of Mary Hosp.*
844 F.2d 646 (9th Cir. 1988) ........ 9

*Morales v. Cooperative of American Physicians, Inc., Mut. Protection Trust*
180 F.3d (9th Cir. 1999) ........ 7

*Neel v. Magana, Olney, Levy, Cathcart & Gelfand*,
6 Cal. 3d 176 (1971) ........ 9

*Orange Production Credit Ass'n v. Frontline Ventures Ltd.*,
792 F.2d 797 (9th Cir. 1986) ........ 5

*Owen Equipment & Erection Co. v. Kroger*,
437 U.S. 365 (1978) ........ 6

*Peregrine Funding, Inc. v. Sheppard Mullen Richter & Hampton LLP*,
133 Cal. App. 4th 658 (2005) ........ 9

*Rusheen v. Cohen*,
37 Cal. 4th 1048 (2006) ........ 8

*Silberg v. Anderson*,
50 Cal 3d 205 (2016) ........ 7

*Townsend v. Holman Consulting Corp.*,
929 F.2d 1358 (9th Cir. 1990) ........ 4, 9

*United States v. Suntip Co.*,
82 F.3d 1468 (9th Cir. 1996) ........ 6

*Verlinden B.V. v. Central Bank of Nigeria*,
461 U.S. 480 (1983) ........ 5

*Wheeldin v. Wheeler*,
373 U.S. 647 (1963) .......... 6

*Wisconsin Dept. of Corrections v. Schacht*,
524 U.S. 381 (1998) .......... 5

**Statutes**

28 U.S.C. § 1331 .......... 5

**Other Authorities**

Federal Rules of Civil Procedure, Rule 11 .......... *passim*

Federal Rules of Civil Procedure, Rule 45 .......... 3

Federal Rules of Civil Procedure, Rule 52 .......... 3

Federal Rules of Civil Procedure, Rule 59 .......... 3

Federal Rules of Civil Procedure, Rule 60 .......... 3

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on August 31, 2023, at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Beth Labson Freeman, in Courtroom 3 of the United States District Court for the Northern District of California in San Jose, located at 280 South 1st St, San Jose, California, defendants Eversheds Sutherland (US) LLP, Ian Shelton, and Sarah Paul ("Eversheds Defendants") and Ashby Law Firm P.C., Sergenian Ashby LLP and Joseph Ashby ("Ashby Defendants") (collectively, "Defendants") will, and hereby do, move this Court for an order imposing sanctions against Plaintiff David Bernahl ("Bernahl" or "Plaintiff"), his counsel Nevin P. Miller, and the law firm of Hudson Martin PC, pursuant to Rule 11(c) of the Federal Rules of Civil Procedure, for the filing of the Second Amended Complaint. Specifically, Defendants seek an order awarding sanctions, dismissing the Second Amended Complaint with prejudice, awarding attorneys' fees and costs incurred by Defendants as a result of violations of Rule 11, and granting such other and further relief as the Court deems just and proper.

Defendants bring this motion on the grounds that Bernahl and his counsel violated Federal Rule of Civil Procedure 11 ("Rule 11") by presenting to the Court a Second Amended Complaint that: (i) claims federal jurisdiction despite lacking any evidentiary support for diversity jurisdiction and no legal support for federal question jurisdiction in violation of Rule 11(b)(2), (3); (ii) presents legal claims that are not warranted under existing law in violation of Rule 11(b)(3); and (iii) was filed for an improper purpose in violation of Rule 11(b)(1).

The Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, supporting declarations, Request for Judicial Notice, any oral argument of counsel at the hearing on the Motion, and any other matters of which the Court may take judicial notice. This Motion is filed in compliance with Rule 11(c)(2).

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

This action arises from Defendants' representation of a Latvian client who petitioned the U.S. district courts for third-party subpoenas under 28 U.S.C. section 1782. In this action,

Plaintiff asserts abuse of process and related claims based on Defendants' alleged failure to serve him with those subpoenas. By this Motion, Defendants seek an order imposing sanctions against Plaintiff and his counsel, Nevin Miller and the Hudson Martin law firm, for bringing this action they know to be outside the jurisdiction of this Court and legally without merit.

Defendants do not bring this motion lightly, and they do not bring this motion simply because the parties reasonably disagree on their reading of the law governing Plaintiff's claims. Defendants bring this motion because Plaintiff has refused to withdraw claims that are plainly frivolous. As Defendants have made clear to Plaintiff, this Court lacks subject matter jurisdiction over Plaintiff's claims. Further, no reasonable attorney would conclude these claims are well-founded after a reasonable inquiry. Lastly, the circumstances of this proceeding demonstrate that the complaint was brought for an improper purpose. Defendants thus respectfully request that the Court issue Rule 11 sanctions against Plaintiff and his attorneys.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Underlying Proceedings in Latvia

This action arises from legal proceedings in Latvia ("Latvian Action") related to the divorce of Plaintiff's current wife, Santa Bernahl ("Santa"), and Santa's ex-husband Olegs Fils ("Fils"). On September 23, 2020, Fils filed an ex parte application in the district court for the Central District of California pursuant to 28 U.S.C. section 1782 ("§ 1782 Application") for an order authorizing service of subpoenas *duces tecum* to obtain discovery from third-party merchants for use in the Latvian Action. Second Am. Compl. ("SAC") ¶ 46; *id.* ¶ 29, Ex. D. Fils filed similar § 1782 Applications for subpoenas *duces tecum* in the Northern District of California and Southern District of New York. *Id.*, Exs. C, E-1. Fils was represented by Defendants in these § 1782 Application proceedings. *Id.*, Exs. C, D, E-1.

On October 6, 2020 and January 11, 2021, the districts court in the Central and Northern Districts of California granted Fils' § 1782 Applications. Req. Jud. Not. ("RJN") Exs. 1, 2. Fils' § 1782 Application for subpoenas duces tecum in the Southern District of New York was also granted. RJN Ex. 3. These subpoenas were not served on Plaintiff (who was not a party to any proceeding) or Santa, but Santa subsequently attested that she became aware of the subpoenas

issued by the court in the Northern District on March 25, 2021, after *Plaintiff* ran a Google search of his name. RJN Ex. 4 at 3:4-5, Ex. 5 at 3:4-5. Santa attested that she became aware of the remaining subpoenas around June 3, 2021. RJN Ex. 4 at 3:5-7, Ex. 5 at 3:5-7.

**B. Santa's Motions for Relief Alleging Failure to Serve Subpoenas Denied by District Courts**

On March 25, 2022, Santa, represented by the same counsel for Plaintiff in the instant action, filed motions to reopen the case in both the Northern and Central District courts on the ground that "[Fils] and his attorneys failed to serve or give prior notice to [Santa] of the non-party subpoenas." RJN Ex. 6 at 6:5-6, Ex. 8 at 4:5-6. Santa also filed motions to quash the subpoenas "based on the fact that the subpoenas were not served on her as required by Fed. R. Civ. P. 45." RJN Ex. 6 at 4:6-7, Ex. 7 at 4:11-12.

On April 29, 2022, the district court in the Northern District denied Santa's motion to reopen the case as untimely and terminated her motion to quash as moot. RJN Ex. 11. On May 27, 2022, Santa filed a motion for a new trial under Federal Rules of Civil Procedure, Rule 52(b), 59(a), 59(e) and 60(b) in the Northern District; that motion was also denied. RJN Exs. 10, 11. On March 13, 2023, the district court in the Central District denied Santa's motions to reopen the case and quash subpoenas on the ground that the motions were untimely. RJN Ex. 12.

**C. Plaintiff's Current Complaint and Defendants' Rule 11 Motions**

Plaintiff filed this action on January 31, 2023. On February 6, 2023, Plaintiff obtained leave to file the Second Amended Complaint. [ECF 13] Plaintiff asserts four claims against Defendants: (1) abuse of process for allegedly engaging in coordinated effort to obtain discovery through third-party subpoenas without notice to Plaintiff (¶¶ 45-47, 49-51); (2) invasion of privacy for subpoenaing private and confidential documents, which materials "intruded on Plaintiff's solitude or private affairs" (¶¶ 55-57); (3) declaratory relief seeking a declaration that the subpoenas issued in the federal district courts are null and void and that, under Federal Rule of Civil Procedure 45, Defendants were required to serve Plaintiff and Santa (who is not a party here) before serving the third-party entities (¶¶ 63-66); and (4) intentional infliction of emotional distress caused by these actions (¶¶ 68-71).

On February 27, 2023, Defendants' counsel wrote to Plaintiff's counsel, requesting immediate dismissal of the action with prejudice. Declaration of Merri A. Baldwin ("Baldwin Decl.") ¶ 2, Ex. A. The letter identified several fatal deficiencies in the complaint that rendered it frivolous and subject to Rule 11 sanctions. *Id.* Plaintiff's counsel, however, refused to dismiss the complaint. *Id.*, ¶ 3, Ex. B. On May 4, 2023, Defendants served Plaintiff's counsel a copy of the instant motion for sanctions and supporting papers in compliance with Rule 11(c)(2). *Id.*, ¶ 5.

## III. LEGAL STANDARD

"[Rule 11] sanctions must be imposed on the signer of a paper if either a) the paper is filed for an improper purpose, or b) the paper is 'frivolous.'" *Townsend v. Holman Consulting Corp*., 929 F.2d 1358, 1362 (9th Cir. 1990) (citation omitted). A filing is "frivolous" if it is "baseless and made without a reasonable and competent inquiry." *Id.* Either the improper purpose or frivolousness ground is sufficient to sustain a sanction. *Id.* Once a court determines that Rule 11 has been violated, an award of reasonable expenses incurred for the motion, including attorney's fees, is appropriate. Fed. R. Civ. P. 11(c)(2). Rule 11 violations warrant sanctions "against the represented party, the lawyer, or both." *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1536 (9th Cir. 1986), *superseded by statute on other grounds*.

## IV. ARGUMENT

### A. Sanctions Are Warranted Because Plaintiff's Assertion of Federal Jurisdiction Is Frivolous.

Where "the complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it. [Citation.]" *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002). Both prongs are easily satisfied here.

#### 1. Plaintiff's assertion of diversity jurisdiction is factually baseless and made without a reasonable and competent inquiry.

As a threshold matter, a party claiming diversity jurisdiction must affirmatively allege the state of citizenship of each party. *See Bautista v. Pan American World Airlines, Inc.*, 828 F.2d

546, 552 (9th Cir. 1987). Plaintiff does not do so here. In fact, the Second Amended Complaint contains *no* allegation of the citizenship of any of the defendants, a fatal defect in establishing diversity jurisdiction. Perhaps this is a moot point because, as even the most cursory internet search would have revealed, at least *four* defendants, like Plaintiff (Compl. ¶ 1), are California citizens: Joseph Ashby, Ashby Law Firm P.C., Sergenian Ashby LLP, and Eversheds Sutherland (US) LLP. *See* Declaration of Joseph R. Ashby, ¶¶ 2-3, 5; Declaration of Ian Shelton, ¶¶ 2-3; *see also Carden v. Arkoma Associates*, 494 U.S. 185, 189 (1990) (a limited partnership treated as having the citizenship of all its partners). Since diversity jurisdiction requires complete diversity between Plaintiff and all defendants, the California citizenship of the four defendants prevents diversity jurisdiction over the entire action. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005); *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 388 (1998).

The fact that Plaintiff's counsel apparently failed to make even a minimal effort, let alone a "reasonable and competent inquiry," *Townsend*, 929 F.2d at 1362, warrant Rule 11 sanctions against Plaintiff and his counsel under Rule 11(b)(2) and (3). *See, e.g., Hendrix v. Naphtal*, 971 F.2d 398, 400 (9th Cir. 1992) (Rule 11 sanctions for failure to conduct a reasonable investigation); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) (counsel's failure to verify diversity of citizenship allegation "confesses a violation of Fed. R. Civ. P. 11").

**2. Plaintiff's assertion of federal question jurisdiction is also frivolous because it runs contrary to established law.**

Federal courts have jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This general federal question statute is narrowly construed: it is not enough that a case merely "arises under" federal law. *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 494-95 (1983). To invoke federal question jurisdiction, there must be a "substantial" question of federal law. *Bell v. Hood*, 327 U.S. 678, 682-83 (1946). Filing a complaint known to be lacking in subject matter jurisdiction is sanctionable under Rule 11. *See Orange Production Credit Ass'n v. Frontline Ventures Ltd.*, 792 F.2d 797, 801 (9th Cir. 1986) (affirming Rule 11 sanctions for filing complaint in federal district court without legal

foundation for subject matter jurisdiction). Here, the gravamen of the complaint is that Defendants abused the process of the federal courts by failing to serve the third-party subpoenas in accordance with Federal Rule of Civil Procedure 45. (*See* SAC ¶¶ 17, 34-43.) That claim does not create federal question jurisdiction because the Federal Rules of Civil Procedure can neither "expand the jurisdiction of the district courts" nor "create jurisdiction where none exists." *United States v. Suntip Co.*, 82 F.3d 1468, 1474 (9th Cir. 1996) (citation omitted); *see also Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 370 (1978) ("it is axiomatic that the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction").

Likewise, an abuse of process claim based on an alleged violation of federal rules does not create federal question jurisdiction. *See Wheeldin v. Wheeler*, 373 U.S. 647, 650-52 (1963) (federal court had no jurisdiction over abuse of process claim arising from alleged misuse of a congressional subpoena because abuse of process was a state claim and federal courts did not have the power to create a federal common law claim for abuse of process despite the federal nature of the subpoena). This jurisdictional principle has not changed since. *See Blaha v. Rightscorp, Inc.*, No. CV 14–9032 DSF (JCGx), 2015 WL 4776888, at *1 (C.D. Cal. May 8, 2015) (rejecting plaintiff's claim that his abuse of process claim was a federal claim "'aris[ing] under' federal law because it involves abuse of a process (subpoenas) permitted by a particular federal statute" (parenthetical in original)).

Nor does 28 U.S.C. section 1782 provide federal question jurisdiction for this action, as Plaintiff does not seek discovery for use in a foreign proceeding consistent with the jurisdictional requirements of the statute, but instead asserts state law claims seeking money damages. *See Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (identifying statutory elements of section 1782 claim); *Kiobel v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 243 (2nd Cir. 2018) (describing the statutory elements as "jurisdictional requirements").

**B. Sanctions Are Warranted Because Plaintiff's Claims Are Frivolous On the Merits.**

Rule 11 provides that an attorney or party presenting a pleading to the Court certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry

reasonable under the circumstances," that the claims are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Rule 11(b). "The reasonable inquiry test is meant to assist courts in discovering whether an attorney, after conducting an objectively reasonable inquiry into the facts and law, would have found the complaint to be well-founded." *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005). The Second Amended Complaint falls far short of meeting this test.

**1. There is no private cause of action for violating Federal Rules of Civil Procedure.**

Rules governing procedure in the federal courts do not give rise to private causes of action. *See Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 372 (9th Cir. 2005), *cert denied*, 547 U.S. 1192 (2006) (Fed. R. Civ. Proc. do not create duties on which negligence claim may be based); *see also Cohen v. Lupo*, 927 F.2 363, 365 (8th Cir. 1991) (no independent cause of action for Rule 11 violation). Here, Plaintiff's First and Third Causes of Action are based on Defendants' alleged abuse of the process of the federal courts in filing § 1782 Applications for third-party subpoenas but failing to serve them on Plaintiff in compliance with Rule 45. *See* SAC ¶¶ 28-39, 46-50, 64-66. Because Plaintiffs' claims are premised on an alleged violation of a procedural rule, and no separate cause of action exists under the law for such a violation, Plaintiff's First and Third Causes of Action fail as a matter of law.

**2. Plaintiff's claims are barred by the litigation privilege and the *Noerr-Pennington* doctrine.**

California's litigation privilege provides that a "publication or broadcast" made as part of a "judicial proceeding" is privileged. Cal. Civ. Code § 47(b). This privilege is absolute and applies "to all publications, irrespective of their maliciousness." *Silberg v. Anderson*, 50 Cal. 3d 205, 216 (1990). The privilege applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that [has] some connection or logical relation to the action." *Id.* at 212 (citing Civ. Code § 47(b)). In federal courts, any doubt as to the applicability of California's litigation privilege is resolved in favor of applying it. *See Morales v. Cooperative of*

*American Physicians, Inc., Mut. Protection Trust*, 180 F.3d 1060 (9th Cir. 1999). Moreover, the litigation privilege applies to all communicative acts related to litigation. *See Rusheen v. Cohen*, 37 Cal. 4th 1048, 1057 (2006) (the litigation privilege protected communicative acts of filing allegedly false declarations of service to improperly obtain a default judgment and post-judgment enforcement efforts, including application for writ of execution and acts of levying on property). The communicative act of serving subpoenas is just part and parcel of the right to petition courts for redress. *See Flores v. Emerich & Fike*, 416 F.Supp.2d 885, 905-06 (E.D. Cal. 2006).

Here, there is no question that Plaintiff's claims are subject to the litigation privilege, as each claim is premised on wrongdoings that Defendants allegedly committed in connection with the § 1782 Application proceedings. *See* SAC ¶¶ 45-51, 55, 63-64, 68-69. Indeed, California courts have applied the litigation privilege to claims indistinguishable from the ones asserted here. *See, e.g., Foothill Federal Credit Union v. Superior Court*, 155 Cal. App. 4th 632, 641-42 (2007), *rev. denied* (Dec. 19, 2007) (litigation privilege barred action even though credit union allegedly failed to comply with CCP statutory notice requirements for disclosure of personal information under subpoena; writ issued, directing trial court to vacate order overruling credit union's demurrer based on litigation privilege). Plaintiff cannot overcome the weight of authority supporting the dismissal of all claims on the basis of the litigation privilege. *See, e.g., Blaha*, 2015 WL 44776888, at *2-*3 (the litigation privilege barred abuse of process claim alleging misconduct in obtaining subpoenas); *Kenne*, 230 Cal. App. 4th at 965 (the litigation privilege barred abuse of process, conspiracy and intentional infliction of emotional distress claims alleging conspiracy to file false complaints to obtain a TRO against plaintiff without good cause). These claims are equally barred by the *Noerr-Pennington* doctrine, which functions much like California's litigation privilege and "bars any claim, federal or state, common law or statutory, that has as its gravamen constitutionally-protected petitioning activity." *Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F.Supp. 948, 956 (S.D. Cal. 1996); *see also Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1184 (2005) (any "conduct incidental to" a petition protected by *Noerr-*Pennington; the doctrine extended to immunize parties and counsel for alleged discovery misconduct in the underlying litigation).

**3. Plaintiff's claims are barred by the statute of limitations.**

Filing a complaint that is barred by the statute of limitations subjects a plaintiff to sanctions under Rule 11. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 653 (9th Cir. 1988). Here, Plaintiff's claims are barred by the one-year statute of limitations set forth in C.C.P. section 340.6, which applies broadly to any claim alleging an attorney's violation of professional obligations, "regardless of how those claims were styled." *Lee v. Hanley*, 61 Cal. 4th 1225, 1235 (2015); *see also Connelly v. Bornstein*, 33 Cal. App. 5th 783 (2019). Section 340.6 applies to all claims against attorneys arising in the performance of professional services other than claims for actual fraud, which the Plaintiff has not alleged in this action.

Plaintiff's allegations against Defendants center on their performance of legal services in connection with the § 1782 Application proceedings (SAC ¶¶ 28-41, "Overview" at p. 2), and section 340.6 clearly applies to those claims. By June 3, 2021, at the latest, Plaintiff had inquiry notice triggering the commencement of the one-year statute of limitations period. Cal. Code Civ. Proc. § 340.6(a); *see Neel v. Magana, Olney, Levy, Cathcart & Gelfand*, 6 Cal. 3d 176, 190 (1971); *Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP,* 133 Cal. App. 4th 658, 685 (2005). Plaintiff's claims, filed on January 31, 2023, are thus time-barred.

**C. Sanctions Are Warranted Because the Second Amended Complaint Was Filed for An Improper Purpose.**

A separate ground for Rule 11 sanctions is that Plaintiff filed this action for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," Fed. R. Civ. Proc. 11(b)(1), which is determined by objective standard, *Townsend*, 929 F.2d at 1362, and in consideration of a broad range of circumstances. *See In re Kunstler*, 914 F.2d 505, 519 (4th Cir. 1990) (circumstances considered as a whole, including fact that plaintiff held press conference to announce lawsuit, supported conclusion of improper purpose). "[S]olid evidence of a pleading's frivolousness" gives rise to inference that it was filed for an improper purpose. *Townsend*, 929 F.2d at 1365; *see also Huettig & Schromm, Inc. v. Landscape Contractors Council of Nor. Cal.,* 790 F.2d 1421, 1427 (9th Cir. 1986); *Kunstler*, 914 F.2d at 519 (counsel's

willful filing of baseless complaint may properly give rise to inference "that it was filed either for purposes of harassment, or some purpose other than to vindicate rights through the judicial process").

Here, Plaintiff and his attorneys make essentially the same claims his wife (represented by the same counsel) unsuccessfully made in three filings before two courts (RJN Exs. 6-8), in a forum that lacks jurisdiction and in the form of causes of action that have no legal basis. Moreover, Plaintiff here seeks relief both for himself and his wife through his declaratory relief cause of action, despite the fact that she is not a party hereto. (SAC ¶¶ 63-33.) Lastly, Plaintiff himself issued a press release on March 1, 2023, after Defendants' counsel had alerted Plaintiff's counsel of the deficiencies in the complaint, announcing (falsely) that he had sued "the London-based global law firm Eversheds Sutherland for misrepresenting information to the Federal Courts throughout the US in order to wrongfully obtain Bernahl's private information on behalf of client, millionaire Olegs Fils." Baldwin decl., ¶ 4, Ex. C.

If, as Plaintiff alleges, Defendants violated Federal Rule of Civil Procedure 45 by failing to serve him with the third-party subpoenas, Plaintiff should have sought relief through motions in the underlying Section 1782 proceedings, like his wife did. This Court has no jurisdiction to entertain a separate lawsuit, which Plaintiff has filed in a strategic effort to avoid the one-year deadline in Rule 60 that defeated his wife's three motions filed in the Section 1782 proceedings. Under all of these circumstances, this Court may properly infer Plaintiff's improper purpose in filing the present complaint in violation of Rule 11, and should do so.

## V. CONCLUSION

For the foregoing reasons, Defendants request that this Court issue Rule 11 sanctions against Plaintiff and his attorneys in an amount that compensates Defendants for their legal fees and costs incurred in bringing this motion.

Dated: May 4, 2023

ROGERS JOSEPH O'DONNELL

By: ______________________

MERRI A. BALDWIN
Attorneys for Eversheds Sutherland (US) LLP, Ian S. Shelton, Sarah E. Paul, Ashby Law Firm P.C., Joseph R. Ashby, and Sergenian Ashby, LLP