UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BERNAHL,<br><br>    Plaintiff,<br><br>    v.<br><br>EVERSHEDS SUTHERLAND LIMITED, et al.,<br><br>    Defendants. | Case No. 23-cv-00411-PCP<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO IMPOSE SANCTIONS** |

In this lawsuit, plaintiff David Bernahl asserts various state law claims arising from Defendants' purported failure to comply with Federal Rule of Civil Procedure 45 when serving third-party subpoenas in connection with a pending proceeding in a foreign tribunal. *See* 28 U.S.C. § 1782 (providing for issuance of such subpoenas). Defendants now move to dismiss Mr. Bernahl's complaint for lack of jurisdiction and ask the Court to impose sanctions against Mr. Bernahl and his counsel. Mr. Bernahl seeks leave to amend the complaint. For the reasons that follow, the Court grants Defendants' motion to dismiss for lack of subject matter jurisdiction and denies both Defendants' motion for sanctions and Mr. Bernahl's motion for leave to amend.

**BACKGROUND**

Mr. Bernahl is a U.S. citizen domiciled in the state of California. Since 2021, Mr. Bernahl's wife has been involved in a marital dispute proceeding with her ex-husband in Latvia, where she formerly resided. In connection with that proceeding, Defendants (various law firms and attorneys) served third-party subpoenas on certain U.S. residents pursuant to 28 U.S.C. § 1782, which permits parties in foreign tribunals to subpoena American residents. Those subpoenas were served with the purported goal of accessing Mr. Bernahl's personal, financial, and consumer records. Mr. Bernahl alleges that he did not receive notice of the third-party subpoenas

that pertained to him even though, in his view, Federal Rule of Civil Procedure 45 required Defendants to provide such notice. On the basis of Defendants' alleged violation of Rule 45, Mr. Bernahl brings state law claims for abuse of process, invasion of privacy, declaratory relief, and intentional infliction of emotional distress against all Defendants.

After Mr. Bernahl filed an amended complaint, Defendants filed the pending motion to dismiss, arguing both that this Court lacks subject matter jurisdiction to hear the case under Federal Rule of Civil Procedure 12(b)(1) and that Mr. Bernahl failed to state a viable claim under Federal Rule of Civil Procedure 12(b)(6).[1] Defendants also sought sanctions against Mr. Bernahl and his counsel under Rule 11(c)(2). Mr. Bernahl separately moved for leave to amend his complaint to add additional claims for fraudulent misrepresentation and fraudulent concealment.

**STANDARD OF REVIEW**

A complaint that fails to establish a federal court's subject matter jurisdiction may be dismissed pursuant to Rule 12(b)(1). An attack on jurisdiction "can either be facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). A facial attack accepts the truth of the plaintiff's allegations but asserts they are "insufficient on their face to invoke federal jurisdiction"; such an attack is resolved by the district court as it would resolve a motion to dismiss under Rule 12(b)(6). *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). By contrast, a factual Rule 12(b)(1) motion can attack "the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in doing so rely on affidavits or any other evidence properly brought before the court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

**I.    The Court Lacks Subject Matter Jurisdiction Over This Case.**

A federal court must have subject matter jurisdiction to hear any case. The two primary sources thereof are diversity jurisdiction and federal question jurisdiction. Diversity jurisdiction permits individuals to bring claims in federal court when the parties are citizens of different states

---

[1] Because the Court grants Defendants' Rule 12(b)(1) motion, it will not consider Defendants' Rule 12(b)(6) arguments.

and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Federal question jurisdiction permits a claim to proceed in federal court if it arises "under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331.

### A.   The Court Lacks Diversity Jurisdiction.

Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, meaning that all persons or associations on one side of the controversy (i.e., all plaintiffs) are citizens of different states from all persons or associations on the other side (i.e., all defendants). *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). A corporation is a citizen of both the state in which it is incorporated and the state in which it has its principal place of business—the corporation's "nerve center." *See Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010). Unincorporated associations such as partnerships are citizens of each state where one or more of their members is a citizen. *See Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990) (holding that the citizenship of a partnership is determined by the citizenship of each of its partners rather than the state under whose laws the partnership was created).

In this case, Mr. Bernahl is a U.S. citizen whose domicile is in California. Bernahl alleges that Defendants are law firms organized under the laws of California, Georgia, the United Kingdom, and Latvia, as well as attorneys licensed to practice in California and New York. Dkt. No. 1, at 2. Because Mr. Bernahl's amended complaint does not identify the *citizenship* of the defendant law firms and attorneys—only the state laws under which the law firms are organized and the states in which the attorneys are licensed to practice—complete diversity is at least theoretically possible (if unlikely) on the facts alleged in the amended complaint.

Under Rule 12(b)(1), however, the Court can properly look beyond the pleadings to consider evidence relating to the Court's subject matter jurisdiction. Here, Defendants have produced unrebutted declarations establishing that defendant attorney Joseph Ashby is a California citizen and that his law firm Ashby Law Firm P.C. (also listed as a defendant) is a citizen of California (where it is incorporated).[2] Because Mr. Bernahl is also a California citizen, complete

---

[2] Defendants' evidence establishes that defendant Eversheds Sutherland (US) LLP is also a citizen of California, where several of its partners reside. Dkt. No. 21-1.

1   diversity is absent and the Court lacks diversity jurisdiction over this case under 28 U.S.C. § 1332.

2   **B.     This Court Lacks Federal Question Jurisdiction.**

3   In the alternative, Mr. Bernahl argues that the Court can exercise federal question jurisdiction over his lawsuit because it arises under 28 U.S.C. § 1782, the federal statute authorizing the third-party subpoenas at issue here.

28 U.S.C. § 1782(a) reads, in relevant part: "To the extent that the [subpoena] order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure." Mr. Bernahl alleges that Defendants violated § 1782 by failing to abide by Rule 45(a)(4), which, in his view, required service of Defendants' third-party subpoenas on Mr. Bernahl and his wife. But Mr. Bernahl does not assert any claim directly under 28 U.S.C. § 1782. Instead, he is pursuing state law claims including abuse of process, invasion of privacy, and intentional infliction of emotional distress. While Mr. Bernahl argues that Defendants' alleged Rule 45 violation elevates his non-federal claims into claims "arising under" federal law, an asserted violation of the Federal Rules cannot on its own "expand the jurisdiction of the district courts" or "create jurisdiction where none exists." *United States v. Suntip Co.*, 82 F.3d 1468, 1474 (9th Cir. 1996). The Rules "prescribe the methods by which the jurisdiction of the federal courts is to be exercised, but do not enlarge the jurisdiction." *United States v. Sherwood*, 312 U.S. 584, 591 (1941).

That is not the end of the inquiry, however. In certain narrow circumstances, a case involving only state law claims may nonetheless arise under federal law if "vindication of a right under state law necessarily turn[s] on some construction of federal law." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). "[T]he question is, does a state law-claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons v. Darue*, 545 U.S. 308, 314 (2005).

The Supreme Court's decisions provide guidance as to the scope of this form of federal question jurisdiction. *Grable* involved a state law quiet title action alleging that the defendant's title to a certain property was invalid because the Internal Revenue Service had not complied with

4

a federal statutory notice requirement. *Id.* at 311. The Court found federal question jurisdiction because the disputed federal issue (the meaning of a federal tax provision) was substantial and because deciding such rare state quiet title actions would not disturb the federal-state division of power. *Id.* at 319.

In *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677 (2006), an insurance company pursued a state law recoupment claim after paying for a federal employee's injury-related medical expenses. *Id.* at 687–88. The Court concluded that federal question jurisdiction was lacking even though the insurance company had made its payments pursuant to a federal contract to provide health insurance for federal employees. *Id.* at 699–700. The Court explained that *Grable* involved a "special and small category" of cases in which federal question jurisdiction existed because the case presented a "pure issue of [federal] law" that was disputed and that would control future federal proceedings "once and for all." *Id.* The federal issue in *Empire HealthChoice Assurance*, by contrast, was "fact-bound and situation-specific," and thus not substantial enough to create federal jurisdiction. *Id.* at 701. *See also City of Oakland v. BP PLC*, 969 F.3d 895, 906 (9th Cir. 2020) (finding no federal question jurisdiction over a state law public nuisance claim against global energy companies because it neither "require[d] an interpretation of a federal statute" nor raised a legal issue that would "be controlling in numerous other cases").

In *Gunn v. Minton*, 568 U.S. 251 (2013), the Supreme Court considered whether state legal malpractice claims based on underlying patent proceedings arise under 28 U.S.C. § 1338, which gives federal courts exclusive jurisdiction over patent disputes. The plaintiff in *Gunn* alleged that his attorney committed malpractice by failing to raise the "experimental use" exception in the plaintiff's federal patent dispute. *Id.* at 254. That federal issue was disputed—indeed, it was the central issue in the case—but the Supreme Court nonetheless held that it did not create federal question jurisdiction because the plaintiff's backward-looking claim would neither alter the results of the prior patent litigation nor help develop a uniform body of patent law. *Id.* at 261–62. Resolution of the issue would instead only assist the parties to the litigation. *Id.*

Like the claims in *Empire* and *Gunn*, Mr. Bernahl's state law claims do not create the kind of substantial question of federal law needed to establish jurisdiction under 28 U.S.C. § 1331. The

specific federal issue presented by Mr. Bernahl's claims is whether Defendants complied with Rule 45 when they issued third-party subpoenas pursuant to 28 U.S.C. § 1782 without serving the subpoenas on Mr. Bernahl or his wife. Although this issue is necessarily raised and potentially disputed, it is not substantial. As in *Empire*, the issue is unlikely to govern the future conduct of federal actors. And as in *Gunn*, resolution of this case is not necessary to develop or maintain a uniform body of federal law. The federal courts certainly do not need to resolve state law claims like those being pursued by Mr. Bernahl here in order to develop the law governing Rule 45 subpoenas.[3] Nor is consideration of Mr. Bernahl's claims needed to establish a uniform body of law governing § 1782 procedures. To the contrary, Congress contemplated *variation* in those procedures: 28 U.S.C. § 1782 expressly permits courts to apply "the practice and procedure of the foreign country or the international tribunal" and requires compliance with the Federal Rules of Civil Procedure only "[t]o the extent that the order does not prescribe otherwise." And in any event, proceedings arising directly under 28 U.S.C. § 1782 provide a better forum for developing the rules governing § 1782 subpoenas than lawsuits presenting derivative state law causes of action between non-diverse parties.[4]

In short, nothing in 28 U.S.C. § 1782 or Rule 45 expands this Court's federal question jurisdiction to encompass state law causes of action based, in part, upon purported violations of Rule 45. Because the state law claims here do not arise under federal law for purposes of 28 U.S.C. § 1331, the Court lacks federal question jurisdiction.

## II. The Court Denies Defendants' Motion To Impose Sanctions.

Defendants also move for sanctions under Rule 11. "[S]anctions must be imposed on the signer of a paper if either a) the paper is filed for an improper purpose, or b) the paper is 'frivolous.'" *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990). A filing is frivolous if it is both "baseless and made without a reasonable and competent inquiry." *Id*.

---

[3] Even if the state court considering such a claim were to misconstrue Rule 45, it is hard to see how that would present a serious federal concern given that its ruling would bind no federal courts or other federal actors.

[4] Indeed, Mr. Bernahl's wife moved in the underlying § 1782 proceedings to quash some of the subpoenas at issue, but her motion was denied as untimely.

Here, there is no compelling evidence that Mr. Bernahl's complaint was filed for an improper purpose. Further, Mr. Bernahl's arguments about federal question jurisdiction, while incorrect, were not frivolous. Indeed, as the Supreme Court has noted, "the contours of th[e] slim category" of federal question jurisdiction at issue here are reminiscent of a Jackson Pollock canvas. *Gunn*, 568 U.S. at 258.

## CONCLUSION

For the reasons discussed above, the Court grants Defendants' motion to dismiss Mr. Bernahl's complaint without prejudice. The Court denies Defendants' motion to impose sanctions on Mr. Bernahl or his counsel. The Court also denies as moot Mr. Bernahl's motion for leave to amend his complaint.

**IT IS SO ORDERED.**

Dated: October 13, 2023

P. CASEY PITTS
United States District Judge